POPE (UNITED STATES v.). See Cases Nos. 16,068 and 16,069.

POPE (WHITAKER v.). See Case No. 17,-528.

## Case No. 11,277.
### POPINO v. McALLISTER.
[4 Wash. C. C. 393.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1823.

JUDGMENT — MOTION TO SET ASIDE DEFAULT AFTER TERM.

1. A motion to set aside a judgment by default, made after the term is over by petition to a judge, is not within the words or the equity of the eighteenth section of the judiciary act of 1789 [1 Stat. 73].

[Cited in Jenkins v. Eldredge, Case No. 7,-269.]

2. A judgment by default against the casual ejector, for want of an appearance and confessing lease entry and ouster, may be set aside at a subsequent session upon good cause shown, where the defendant swears to merits, and a trial has not been lost. The affidavit of the party is sufficient on which to found the motion.

[Cited in Phillips v. Negley, 2 D. C. 248.]

Rule to show cause, why the judgment by default, rendered in this case at the October session of 1822, should not be set aside. The rule was supported upon the petition of the defendant to the presiding judge of this court, at Chambers, presented to him a few days after the adjournment of the court in October last, setting forth "that the defendant did not receive notice of trial of the cause until the 29th of September, 1822, at which time, and for two or three weeks preceding and following that period, he was confined to his bed by sickness, as were also his wife and many of his children; that he was altogether unable to attend court on the 1st of October, and was, during the period of his confinement, too sick to attend to business of any kind, or to prepare for the trial of the cause. That he is advised that he has a valid ground of defence, and that he, and those under whom he claims, have had sixty years uninterrupted possession of the premises in controversy, and that he expects to be prepared for trial at the ensuing term of the court." To the truth of the facts stated in the petition, an affidavit was annexed. The prayer of the petition was, that the judge would allow the petition to be filed in the clerk's office, under the equity of the eighteenth section of the judiciary act. The judge granted the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

petition, and at the April session following, the above rule was moved for and granted.

For the defendant it was contended: (1) That the reasons stated in the petition and verified by the oath of the party, were sufficient to induce the court to set aside the judgment by default, which was entered in consequence of the defendant's not performing the condition of the consent rules which had been exchanged, by confessing lease, entry, and ouster. (2) That this is a case clearly within the equity of the eighteenth section of the judiciary act; but if not so, still upon general principles of law, it was a case in which the court possesses the power to set aside a judgment by default entered at a preceding term, upon good cause being shown to excuse the neglect of the party. 1 Burrows, 571, 572. 2 Strange, 823; 4 Burrows, 1996, 2224; Hughs v. Kelly (supreme court of this state); Adams, Ej. 125, 289; 4 Johns. 489; 3 Caines, 133; 1 Caines, 503.

On the other side, it was insisted, that this was not a case within the words or intention, nor can the court construe it to be within the equity of the eighteenth section of the judiciary act; consequently, that the rule ought not to have been granted upon a petition, and that it was incumbent on the defendant to support his motion upon an affidavit, independent of the petition. But that at all events neither the courts of England, nor of this country, had ever been known, after the consent rules were exchanged, and at a subsequent term, to set aside a nonsuit in ejectment for the want of a confession of lease, entry and ouster, and the judgment by default consequent thereupon; and even if such a practice could be supported by precedents, still the rule ought to be supported by the affidavit of some indifferent person taken upon notice, and not upon that of the party himself. It was also insisted, that the petition in this case did not set forth merits. That all the facts stated in the petition were susceptible of proof by persons other than the defendant himself.

Richard Stockton and Mr. Wall, for plaintiff. Mr. Ewing and H. Stockton, for defendant.

WASHINGTON, Circuit Justice (PENNINGTON, District Judge, absent, from sickness). Unless this rule can be supported upon those general principles of law which regulate the practice of courts in cases like the present, it must be discharged; since it is quite clear to my mind, that it is neither within the words or intention of the eighteenth section of the judiciary law, and that the court has no good ground for considering it to be within the equity of that section. But I am of opinion that according to the English practice, as well as the practice of this state, a judgment by default against the casual ejector, for want of the defendant appearing and confessing lease, entry, and ouster, may be set aside at a subsequent term, upon good cause shown, where the defendant swears to merits, and a trial has not been lost. This is also the practice of the New York courts. It is admitted by the plaintiff's counsel, that in case of a judgment by default, obtained by fraud, or for the want of notice of trial, the court may set aside the judgment on terms, where merits are sworn to. But surely these cannot be the only cases in which the court will relieve the defendant. If his default be caused by too short a notice, or by an act of God, (both of which occur in this case) justice equally requires the interposition of the court; who will not permit the possession to be changed, when it was beyond the power of the defendant to be prepared to defend it, particularly too in a case where the plaintiff has suffered, and can suffer no injury. In this case, the application of the defendant to set aside the judgment was promptly made, although by mistake addressed to the judge out of court. The plaintiff has not lost a trial, since the defendant would undoubtedly have been indulged by the court with a postponement of the trial, could his situation have been made known. The plaintiff can suffer no injury by the defendant being let in to defend his possession, whereas by refusing to set aside the judgment, the latter will be turned out of possession, and may be placed, as to his ultimate success, in a less favourable situation in the character of a plaintiff, than in that of a defendant. The court will certainly not relieve the defendant against a judgment by default, rendered at a preceding term, unless his application is promptly made, merits sworn to, and good cause shown to excuse his non-compliance with the consent rule, to confess lease, entry, and ouster, all which must be satisfactorily proved. Now, in this case, the application for the rule, to set aside the judgment, was made at the next term succeeding that at which the judgment was entered; the plaintiff, as before stated, has not in reality lost a trial, and the defendant swears that he is advised that he has a legal defence; and further, that he and those under whom he claims, have had an uninterrupted possession of the premises in controversy for sixty years. He was not bound to set out, in his affidavit, the whole of his title. But it is insisted that the facts upon which the defendant relies for relief ought to have been stated in an affidavit, and that they should have been proved by some other person than the defendant. The court cannot agree with the counsel in either of these particulars. The facts being stated in the form of a petition, and the truth of them being verified by the oath of the party, they are as satisfactorily proved as if they had been stated in the formal shape of an affidavit. It is possible that the same facts might have been proved by some third person; but, resting in the knowledge of the party himself, it is nearly impossible that they could have been as satisfactorily proved by any other than the defendant. Others might have proved that he was sick, and his attorney might have stated when and how he forwarded to him the notice of trial. But who could so well satisfy the court

as to his ability to prepare for the trial, and the time when the notice was received, as the man who asserts his inability, and the time when he did receive the notice. I am of opinion that the judgment by default ought to be set aside upon the payment of costs.